Judge ERDMANN
delivered the opinion of the court.
Contrary to his pleas, Airman Adam Cote was convicted by a general court-martial with members of one specification of possessing child pornography, in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2006). He was sentenced to a bad-conduct discharge, confinement for twelve months, forfeiture of all pay and allowances, and reduction to E-l. The convening authority approved the adjudged sentence except for the forfeitures. The United States Air Force Court of Criminal Appeals (CCA) affirmed the findings and the sentence. United States v. Cote, No. ACM 37745, 2012 CCA LEXIS 106, at *17, 2012 WL 1058985, at *6. (A.F.Ct.Crim.App. Mar. 28, 2012).
While “technical” or “de minimis” violations of a search warrant’s terms do not warrant suppression of evidence, United States v. Sims, 428 F.3d 945, 955 (10th Cir.2005), generally “the search and seizure conducted under a warrant must conform to the warrant or some well-recognized exception.” United States v. Upham, 168 F.3d 532, 536 (1st Cir.1999) (citing Marron v. United States, 275 U.S. 192, 196-97, 48 S.Ct. 74, 72 L.Ed. 231 (1927)). We granted review to determine whether a search conducted in violation of a search warrant’s post-seizure time limitation renders the search unreasonable.[1] We conclude that under the circumstances of this case, the Government’s violation of the warrant’s time limits for conducting an off-site search of the seized electronic device constituted more than a “de minimis” violation of the warrant and resulted in an unreasonable search. We therefore reverse the decision of the CCA.

Background

On May 30, 2008, Special Agent (SA) Steven Harstad of the North Dakota Bureau of Criminal Investigation (NDBCI), commenced an online child pornography investigation. He connected to a peer-to-peer network and discovered one user in the state of North Dakota sharing child pornography. He contacted Brian Novesky, a United States Immigration and Customs Enforcement Special Agent and requested assistance in identifying the individual associated with the IP address he had found. SA Novesky determined that the IP address was registered to Cote. On July 1, 2008, Novesky applied for and received a search warrant from a federal magistrate judge in North Dakota for Cote’s dorm room at Minot Air Force Base.
The warrant authorized the search and seizure of “[cjomputers,” “[cjomputer input and output devices” and “[cjomputer storage media and digital content” for “[ijmages or visual depictions of the sexual exploitation of children.” The warrant allowed the Government ten days from issuance to conduct the search. It also provided that any electronic devices or storage media seized under the warrant must be searched within ninety days of issuance, unless “for good cause demonstrated, such date is extended by an order of the Court.”[2] The special agents who execut *43 ed the warrant had dealt with this limitation before and had, in prior investigations, requested extensions of time.
The special agents searched Cote’s dorm room on July 2, 2008, and seized a Sony laptop computer, an HP laptop computer, a digital camera and a WD external hard drive. Although evidence of child pornography was eventually discovered on both of the two laptop computers, SA Harstad was unable to access the WD external hard drive because it was broken. His final examination of the WD hard drive occurred on August 18, 2008, when he was again unsuccessful in reading the drive. Although the record does not identify the date, at some point after August 18, 2008, the case was transferred to the Air Force.
Ninety days after the issuance of the warrant, on September 28, 2008, the WD external drive had not been searched nor had the agents or the Air Force Office of Special Investigations (AFOSI) requested an extension of time in which to search the device. On September 8, 2009, well over a year after the warrant was issued, AFOSI at Minot AFB submitted a request to the Defense Computer Forensics Laboratory (DCFL) to see if they could repair the WD external drive. The laboratory was able to repair the drive and created a digital copy which was eventually returned to SA Harstad. SA Harstad subsequently analyzed the digital copy and discovered evidence of child pornography. As a result of this evidence, the Government referred a Second Additional Charge against Cote alleging, under Article 134, UCMJ, possession of “visual depictions of minors engaging in sexually explicit conduct, such conduct being of a nature to bring discredit upon the armed forces.”[3]
At trial, Cote filed a motion to suppress all evidence obtained from the searches of the laptops and the WD external drive that occurred after the ninety-day period specified in the warrant. Following argument by the parties, the military judge granted the motion to suppress because the computers and the WD external drive were searched outside of the ninety-day limit contained in the warrant and the searches were therefore “unlawful.”
The Government filed for review of the military judge’s ruling under Article 62, UCMJ, 10 U.S.C. § 862 (2006). The CCA held that the military judge erred in excluding evidence from the two laptops as SA Harstad had searched the laptops within the ninety days specified in the warrant and had copied and stored the electronic data which he obtained from those searches. United States v. Cote, Misc. Dkt. No. 2009-15, 2010 CCA LEXIS 186, at *6-*9 (A.F.Ct.Crim.App. Apr. 6, 2010). As to the WD external drive, the CCA agreed with the military judge that the DCFL search of the device violated the ninety-day time limit in the warrant for searching electronic devices and storage media, but went on to find that the military judge erred in concluding that the violation required suppression of the evidence. Id. at *9-*18. Cote subsequently appealed the CCA decision to this court but we declined to review the ease at that time. United States v. Cote, 69 M.J. 210 (C.A.A.F.2010).
The case was remanded and the trial proceeded with all of the images admitted into evidence. Cote was acquitted of all charges except the Second Additional Charge of possession of sexually explicit visual depictions of minors, which was based solely on the evidence found on the WD external drive. The CCA affirmed the conviction on direct appeal and, as to the suppression issue, affirmed on the same grounds which it relied on in the earlier Article 62, UCMJ, ruling. Cote, 2012 CCA LEXIS 106 at *2-*10, 2012 WL 1058985, at *l-*4. Cote appeals to this court challenging the CCA’s determination that, while the DCFL search of the WD external drive violated the ninety-day time limit in the warrant, the evidence was nonetheless admissible.

*44
Discussion

Under the circumstances presented in this case, we are reviewing the military judge’s initial ruling that suppressed the evidence obtained from the WD external drive.[4] We review a military judge’s ruling on a motion to suppress for abuse of discretion. United States v. Monroe, 52 M.J. 326, 330 (C.A.A.F.2000). We review findings of fact under the clearly erroneous standard and conclusions of law de novo. United States v. Rodriguez, 60 M.J. 239, 246 (C.A.A.F.2004).
Prior to 2009, Fed.R.Crim.P. 41(e)(2)(A) (Searches and Seizures) required that a warrant to search or seize property be executed within ten days. In 2009, however, the rule was amended, adding section 41(e)(2)(B) which provided, in part, as follows:
(B) Warrant Seeking Electronically Stored Information. A warrant under Rule 41(e)(2)(A) may authorize the seizure of electronic storage media or the seizure or copying of electronically stored information. Unless otherwise specified, the warrant authorizes a later review of the media or information consistent with the warrant. The time for executing the warrant in Rule 41(e)(2)(A) and (f)(1)(A) refers to the seizure or on-site copying of the media or information, and not to any later off-site copying or review.[5]
This rule reflects a principle also recognized by the judiciary—that courts “[cannot] expect the government to make onsite determinations of whether a file or document contained on a hard drive or in an email account falls within the scope of the warrant.” United States v. Metter, 860 F.Supp.2d 205, 214 (E.D.N.Y.2012). For this reason courts have considered seizure of electronic materials and later off-site analysis and review of them to be a constitutionally reasonable “necessity of the digital era.” Id. (citing United States v. Burns, 2008 U.S. Dist. LEXIS 35312, 2008 WL 4542990 (N.D.Ill. Apr. 29, 2008)).
While many circuits have recognized that “[t]he Fourth Amendment does not specify that search warrants [must] contain expiration dates ... [or] requirements about when the search or seizure is to occur or the duration,” United States v. Gerber, 994 F.2d 1556, 1559 (11th Cir.1993), in this case we are dealing with a search warrant in which the judge established just such a requirement.[6]
Cote simply argues that since the search of the WD external drive violated the terms of the warrant, the evidence should have been suppressed. Rather than addressing the specific terms of the warrant, the Government argues that any delay in executing the warrant was reasonable. Noting that this court has not had the opportunity to examine a case with similar facts, the Government urges us to adopt the three-factor test for *45 delay set out in United States v. Syphers, 426 F.3d 461, 469 (1st Cir.2005).[7]
Syphers, however, does not involve a violation of an explicit term in a warrant and we do not believe it is on point.[8] In fact, the district court in Syphers explicitly noted that “the court [was] not presented with a situation in which the search failed to conform to the requirements of the warrant.” United States v. Syphers, 296 F.Supp.2d 50, 56 (D.N.H.2003). In addition, Syphers focused primarily on the effect of delay in executing the search, and concomitantly, probable cause. Syphers, 426 F.3d at 469. We believe, instead, that the Fourth Amendment harm being protected against by the ninety-day provision in this case is from a seizure of unreasonable duration and the resulting interference with Cote’s possessory interest in noncriminal materials. See, e.g., Metter, 860 F.Supp.2d at 215 (“[t]he government’s retention of all imaged electronic documents, including personal emails, without any review whatsoever to determine not only their relevance to this case, but also to determine whether any recognized legal privileges attached to them, is unreasonable and disturbing”); see also United States v. Brunette, 76 F.Supp.2d 30, 42 (D.Me.1999) (evidence suppressed where search occurred after the permissible duration of seizure under warrant had expired). We are mindful that the ultimate touchstone of any Fourth Amendment inquiry is always reasonableness, Florida v. Jimeno, 500 U.S. 248, 250, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991), and that, as noted previously, mere “technical,” or “de minimis” violations of a warrant’s terms are not unreasonable, and do not warrant suppression. See Sims, 428 F.3d at 955; Gerber, 994 F.2d at 1560-61; United States v. Twenty-Two Thousand, Two Hundred Eighty Seven Dollars, 709 F.2d 442, 449 (6th Cir.1983). At the same time, it is equally clear “that the search and seizure conducted under a warrant must conform to the warrant, or some well-recognized exception.” Upham, 168 F.3d at 536 (citing Marron, 275 U.S. at 196-97, 48 S.Ct. 74).
The Government has not contested the findings of the military judge and the CCA that the ninety-day limitation was violated. We believe that the limitation reflects a judicial determination that under the circumstances of this case, ninety days was a reasonable period of time in which to conduct the off-site search. This is particularly true since the term of “90” days was handwritten into the warrant, indicating that the duration of the limitation was tailored to the facts of this ease, rather than simply being boilerplate language of the warrant. In addition, the judge established a procedure to extend the off-site search period if the Government found they were unable to meet the ninety-day limitation.
While we do not believe that a violation of the ninety-day period mandates per se exclusion of the evidence, we do believe that the violation imposes an additional burden on the Government to show that the violation was either de minimis or otherwise reasonable under the circumstances. Cf. United States v. Clark, 638 F.3d 89, 100 (2d Cir.2011) (“ ‘The burden is on the government to demonstrate the objective reasonableness of the officers’ good faith reliance’ on an invalidated warrant.” (quoting United States v. George, 975 F.2d 72, 77 (2d Cir.1992))); United States v. Atchley, 474 F.3d 840, 851 (6th Cir.2007) (“It is the government’s burden to prove the existence of exigency.” (citing United States v. Chambers, 395 F.3d 563, 566 (6th Cir.2005))); Wilson v. Health & Hosp. *46 Corp. of Marion County, 620 F.2d 1201, 1208 (7th Cir.1980) (“It is normally the Government’s burden, therefore, to show a warrant-less search is otherwise ‘reasonable’ within the Fourth Amendment.” (citing United States v. Jeffers, 342 U.S. 48, 51, 72 S.Ct. 93, 96 L.Ed. 59 (1951))).[9]
At trial, the Government did not show any fact which would support the argument that its violation of the warrant’s terms was reasonable under the circumstances.[10] Further, performing a search over a year after the expiration of the search period, without following already established procedures for requesting a new warrant or an extension of the existing warrant, is not a de minimis violation. As a result, we cannot conclude that the Government has met its burden at trial to show that the search comported with constitutional requirements.[11] The military judge did not abuse her discretion in suppressing the evidence found on the WD external drive.[12]

Conclusion

The decision of the United States Air Force Court of Criminal Appeals is reversed. The finding of guilty to the Second Additional Charge and the sentence are set aside. The Second Additional Charge is dismissed.

. Specifically we granted review on the following issue:
Whether evidence found on Appellant’s computer should be suppressed because it was found pursuant to a search that violated the terms of the warrant.
United States v. Cote, 71 M.J. 361 (C.A.A.F.2012) (order granting review).

. The warrant contained an "ADDENDUM TO SEARCH WARRANT RE[:] ELECTRONIC DEVICES, STORAGE MEDIA, AND ELECTRONIC DATA” which provided, in pertinent part:
1. The search of any Electronic Device or Storage Media authorized by this warrant shall be completed within 90 days from the date of the warrant unless, for good cause demonstrated, such date is extended by an order of the Court.
The term of ninety days was handwritten into the warrant.

. In total, Cote was charged with three specifications of "knowingly [possessing] visual depictions of minors engaging in sexually explicit conduct” and one specification of "knowingly [distributing] visual depictions of minors engaging in sexually explicit conduct,” all in violation of clause 2 of Article 134, UCMJ, 10 U.S.C. § 934 (2006).

. On direct review of an issue which was previously the subject of an Article 62, UCMJ, interlocutory appeal, we review whether the military judge’s initial decision was an abuse of discretion. See United States v. Mosley, 42 M.J. 300, 302-04 (C.A.A.F.1995) (reviewing the initial decision under an abuse of discretion standard even though it was reversed on an Article 62, UCMJ, interlocutory appeal).

. The 2009 amendment also changed the execution requirement to fourteen days, rather than ten, due to an unrelated change in Fed.R.Crim.P. 45(a) to the method for counting days. Fed. R.Crim.P. 41 advisory committee’s note.

. Even if there were no time limitation contained in the warrant for conducting the off-site search, we think that the Government nevertheless remains bound by the Fourth Amendment to the extent that all seizures must be reasonable in duration. Metter, 860 F.Supp.2d at 212 ("[Tjhe manner in which the government executes the warrant must comport with the Fourth Amendment’s reasonableness standard”); United States v. Mutschelknaus, 564 F.Supp.2d 1072, 1076 (D.N.D.2008) ("The Fourth Amendment only requires that the subsequent search of the computer be made within a reasonable time.”); United States v. Grimmett, 2004 U.S. Dist. LEXIS 26988, at *14, 2004 WL 3171788, at *5 (D.Kan. Aug. 10, 2004), aff'd, 439 F.3d 1263 (10th Cir.2006). In addition, the committee notes to Fed.R.Crim.P. 41(e)(2)(B), which addresses off-site copying and review state that:
While consideration was given to a presumptive national or uniform time period [for] off-site copying or review ... there is no basis for a "one size fits all” presumptive period ... [but] [i]t [is] not the intent of the amendment to leave the property owner without an expectation of the timing for return of the property
Fed.R.Crim.P. 41 advisory committee's note.

. The Syphers factors are (1) whether the delay caused a lapse in probable cause, (2) whether the delay created prejudice to the defendant or (3) whether federal or state officers acted in bad faith to circumvent federal requirements. 426 F.3d at 469.

. Syphers is similar to this case in that on the same day the state judge there issued the warrant, he also granted a motion giving the government twelve months in which to complete the search of the seized computer. 426 F.3d at 463-64. Unlike this case, however, the government in Syphers completed its search of the computer well within the allotted time period and there was no violation of the terms of the warrant or other court order. Id. The specific question in Syphers is not one we face today — how the fourteen-day limitation (ten days under the rule at that time) in Fed.R.Crim.P. 41(e)(2)(A) applied to state search warrants which were used in federal prosecutions.

. The dissent argues that “the only fact [we] cite[] in support of the electronic search being unreasonable is that the search was conducted after the expiration to the warrant’s time requirement.” United States v. Cote, 72 M.J. 41, 50 n. 2 (C.A.A.F. 2013) (Ryan, J., dissenting). Of course, the burden is not on the defendant, or on this court, to show facts supporting the unreasonableness of the search, but rather on the government to show facts before the military judge at trial that the search was reasonable.

. At the Government’s request, the military judge placed her ruling on the Government's argument that the evidence should be admitted under the good faith exception in Military Rule of Evidence (M.R.E.) 311 on the record. In rejecting that argument, the military judge found, in part:
The warrant in this case was correct. There was nothing wrong with the warrant; but the government agents disregarded, and the government trial counsel disregarded the plain language of the warrant and conducted or requested additional and unlawful searches after the time period had expired which was directed by the judge in the warrant.

. We believe the concurrence’s reliance on Herring v. United States, 555 U.S. 135, 129 S.Ct. 695, 172 L.Ed.2d 496 (2009), is misplaced. Herring specifically dealt with attenuated police negligence, not negligence on the part of the officer actually performing the search. Id. at 144, 129 S.Ct. 695. In that case, an officer reasonably relied on a neighboring county’s arrest warrant to perform an arrest and search of Herring. Id. at 137, 129 S.Ct. 695. Shortly thereafter, it was discovered that the warrant had been recalled and that the neighboring county had negligently failed to purge the warrant from its records. Id. at 137-38, 129 S.Ct. 695. The court held that the arresting officer had acted in reasonable reliance on the neighboring county, and that exclusion was not warranted. Id. at 147, 129 S.Ct. 695. We do not think that those facts control the outcome of this case. That is especially true where the agent who performed the search (SA Harstad) had seen the warrant, was aware of the ninety-day requirement, had previously worked on cases where it applied, and knew that the repaired hard drive image he was searching was created after the deadline had passed, but performed the search anyway. Even if we were to conclude that Herring also protected direct police negligence, the conduct of the agent in this case rises to the standard of "deliberate [and] reckless” conduct set by Herring. Id. at 144, 129 S.Ct. 695.

.Nor do the provisions of M.R.E. 315(h)(4) change our analysis. That rule provides that ”[t]he execution of a search warrant affects admissibility only insofar as exclusion of evidence is required by the Constitution of the United States or an applicable Act of Congress.” Because we have concluded that the Government has not met its burden to show that the search was reasonable under the circumstances, we have also necessarily concluded that exclusion of evidence is required by the Fourth Amendment.