**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

| | | |
|---|---|---|
| **UNITED STATES,** | ) | **Misc. Dkt. No. 2013-24** |
| **Appellant** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **Airman First Class (E-3)** | ) | |
| **JACOB R. MCINTYRE,** | ) | |
| **USAF,** | ) | |
| **Appellee** | ) | **Panel No. 1** |

HARNEY, Senior Judge:

On 9 May 2013, the appellee was charged with one specification of knowingly and wrongfully possessing child pornography and one specification of knowingly and wrongfully viewing child pornography, in violation of Article 134, UCMJ, 10 U.S.C. § 934. The case was referred to a general court-martial on 13 June 2013.

On 29 August 2013, the appellee filed a Motion to Suppress all out-of-court written or oral admissions and statements made by the appellee regarding possession or viewing child pornography for lack of independent corroborating evidence. Following the appellee's arraignment on 3 September 2013, the military judge heard argument on the appellee's motions, including the Motion to Suppress. On 4 September 2013, the military judge granted the motion and subsequently denied the Government's request for reconsideration. On 6 September 2013, the Government filed a timely appeal of the military judge's ruling, pursuant to Article 62, UCMJ, 10 U.S.C. § 862. This Court heard oral argument on 12 December 2013.

*Background*

On 13 February 2013, the appellee was given a polygraph examination in order to obtain a security clearance. A polygrapher and a special agent from the Air Force Office of Special Investigations (AFOSI) conducted the recorded interview, which lasted approximately 4-5 hours. This interview was the origin of the appellee's oral and written statements at issue.

In his statements, the appellee vacillates on his culpability but ultimately admits to viewing child pornography on his personal computer laptop while on active duty and

possessing child pornography on a "Mac-only" external hard drive.[1]  The appellee explained that the Macbook computer he used to access the external hard drive had crashed prior to him coming on active duty.

Based on this interview, the AFOSI received authorization to search the appellee's house.  The AFOSI visited the appellee's house three separate times on the day of his interview, twice while the appellee was being interviewed and once with the appellee.  During the first visit, the AFOSI interviewed the appellee's wife about the appellee's misconduct.  During the second visit, the AFOSI searched for and collected electronic media evidence, which included a Macbook computer and two Dell laptop computers.  During the final visit, the appellee accompanied the AFOSI to show them the location of the Mac-only hard drive.  The appellee's wife was present on all three occasions.

During the third search, where the appellee assisted the AFOSI agents in attempting to retrieve the external hard drive, the appellee proceeded directly to a bookcase and appeared genuinely surprised when he did not find the hard drive in the bookcase.  He stated, "I'm not sure where this is at," and, "I want to find this for you guys."  The external hard drive was never recovered, but the Defense Computer Forensics Laboratory (DCFL) examined the contents of the Macbook computer, the two Dell laptop computers, and two micro SD cards.

On the Macbook, DCFL found 24 images of suspected child pornography and 1 confirmed National Center for Missing and Exploited Children (NCMEC) picture; however, the images were in unallocated storage space, which does not attribute user information or original date/time.[2]  Moreover, DCFL confirmed that the Macbook computer hardware had indeed crashed in May 2011, prior to the appellee's entry onto active duty.  No child pornography images were found on the Dell computers.  The internet history on one of the Dell computers confirmed the appellee conducted internet searches via the Bing search engine for the terms "huge cum shot," and "cum shoots everywhere," which resulted in hits for Adobe Flash video files titled, "gay cumshots,"

---

[1] While not the subject of the motion to suppress, the appellee's statements also mention other highly prejudicial pre-service misconduct that involved him inappropriately touching his sister and two female cousins when he was a minor, searching for child pornography when he was between the ages of 10 and 21, and sharing a live-feed of him sexually gratifying himself on the internet when he was between 19-20 years old.

[2] Unallocated Space is described as

> [s]pace on a hard drive that is not allocated for active use by the file system.  When files are deleted from a hard drive, the data is not removed or wiped from the drive, but the space that the files occupy on the drive is changed from 'allocated' to 'unallocated', meaning that it is available for future data to be written to as needed.  When future data is written to this space, it overwrites the existing data (the deleted content).  Data found in unallocated space is usually fragmented, and identifying metadata information, such as original user, MAC time info, and original directory location, are no longer tracked or maintained.

Appellate Ex. XIII, Attach. 4, at 32.

"cumshots and cumeating gay," and "divine cumshots," that were present on the website "xhamster.com." The appellee told the agents during his interview that he no longer downloaded and saved images, and that he regularly cleared his internet history to avoid confrontation with his wife. Consequently, DCFL did not find actual video files of adult pornography or child pornography on the Dell computer.

The military judge granted the defense motion to suppress the entire contents of the oral and written statements of the appellee. With regards to possession of child pornography, the military judge considered whether or not there was a hard drive in the possession of the appellee during the charged time frame and what corroboration existed to support the appellee's statement that there actually were images of minors engaged in sexually explicit conduct on the external hard drive. Ultimately, the judge determined the Government had not provided any independent evidence the appellee had possessed the hard drive while on active duty, and there was no evidence to connect the images in unallocated space to what was on the missing hard drive. Specifically, the military judge identified that DCFL was unable to determine when the images were first accessed or deleted on the Macbook and whether any of them were transferred to the external hard drive.

With regards to viewing child pornography, the military judge considered the partial internet history recovered from the Dell laptop, the Bing search engine the appellee said he had used for searches of child pornography, the lack of the content searched for or viewed, and the search terminology used. The judge stated that while the appellee's statement was vague, it did indicate the appellee continued to search the internet using the Bing search engine for images of males and females as young as 13 years of age. However, he determined no corroboration existed because the DCFL report did not reflect the actual content of searched or viewed items, and the search terms recovered by DCFL for the appellee's Bing searches were not indicative of child pornography. The judge did not discuss the Macbook unallocated pictures in his analysis of the viewing charge.

*Discussion*

Under Article 62, UCMJ, appeal, this Court "may act only with respect to matters of law" and a military judge's conclusions of law are reviewed de novo. Article 62(b), UCMJ, 10 U.S.C. § 862(b); Rules for Courts-Martial 908(c)(2); *United States v. Baker*, 70 M.J. 283, 287 (C.A.A.F. 2011); *United States v. Terry*, 66 M.J. 514, 517 (A.F. Ct. Crim. App. 2008). "When a court is limited to reviewing matters of law, the question is not whether a reviewing court might disagree with the trial court's findings, but whether those findings are 'fairly supported by the record.'" *Baker*, 70 M.J. at 288 (quoting *Unites States v. Burris*, 21 M.J. 140, 144 (C.M.A. 1985)). This Court reviews a military judge's ruling on a motion to suppress for abuse of discretion. *United States v. Cote*, 72 M.J. 41, 44 (C.A.A.F 2013); *see also United States v. White*, 69 M.J. 236, 239

(C.A.A.F. 2010). "The abuse of discretion standard is a strict one, calling for more than a mere difference of opinion. The challenged action must be 'arbitrary, fanciful, clearly unreasonable, or clearly erroneous.'" *White*, 69 M.J. at 239 (quoting *United States v. Lloyd*, 69 M.J. 95, 99 (C.A.A.F. 2010)). An abuse of discretion occurs when the findings of fact are clearly erroneous or the conclusions of law are based on an erroneous view of the law. *United States v. Hollis*, 57 M.J. 74, 79 (C.A.A.F. 2002). As such, the findings of fact are reviewed under the clearly erroneous standard and conclusions of law are reviewed de novo. *Cote*, 72 M.J. at 44.

We have reviewed the military judge's findings of fact. They are "fairly supported by the record" and not clearly erroneous. Accordingly, we adopt all such findings of fact as our own for purposes of this opinion.[3] Applying the requisite standards to the case before us, we find as a matter of law the military judge did not abuse his discretion by granting the motion to suppress the appellee's oral and written statements for lack of corroboration. An accused may not be convicted solely on his own uncorroborated confession. *Smith v. United States*, 348 U.S. 147, 152-53 (1954). The purpose of the rule is to avoid convicting someone based on untrue confessions. *Id.* The reliability of a statement may be questionable if it was obtained from someone under the pressure of a police investigation – "whose words may reflect the strain and confusion attending his predicament rather than a clear reflection of his past." *Id.*

The corroborative evidence must include "substantial independent evidence" that the crime has been committed. *Id.* at 156. The corroborating evidence does not have to prove the crime beyond a reasonable doubt, nor does it have to meet a preponderance. *Id.* The independent evidence only needs to raise the inference of truth of the facts stated in the admission or confession. Mil. R. Evid. 304(g)(1). It is "sufficient if the corroboration merely fortifies the truth of the confession, without independently establishing the crime charged." *Smith*, 348 U.S. at 156. "[O]ne available mode of corroboration is for the independent evidence to bolster the confession itself and thereby prove the offense 'through' the statements of the accused." *Id.* Not every element of an offense to which the confession pertains needs to have independent evidence in order to satisfy the corroboration requirement. *See United States v. Maio*, 34 M.J. 215, 218 (C.M.A. 1992). However, the "reliability of the essential facts must be established." *United States v. Cottrill*, 45 M.J. 485, 489 (C.A.A.F. 1997). Our superior court has described the quantum of evidence necessary for corroboration as "slight" or "very slight." *United States v. Yeoman*, 25 M.J. 1, 4 (C.M.A. 1987) (characterizing the amount of required corroboration as "slight"); *United States v. Grant*, 56 M.J. 410, 416 (C.A.A.F. 2002) (required corroboration "may be very slight"). To meet this minimal standard, the

---

[3] We note that the Defense Computer Forensics Laboratory analyzed 25 pictures, not 24 as the military judge described. Originally, AFOSI selected 24 picture files to be analyzed but added 1 additional picture file at a later time that turned out to be from the National Center for Missing and Exploited Children database, bringing the total picture files analyzed to 25. Nevertheless, as a whole, the findings of fact are a reasonable depiction of the evidence before the military judge and are not clearly erroneous.

"substantial independent evidence" generally creates a solid link between the accused and the specific crime charged. The courts have not made a practice of drawing any possible inference in order to make a connection between the accused and the crime to which he has confessed.

The military judge alone decides when enough corroboration has been received. Mil. R. Evid. 304(g)(2). Our superior court has determined that not only does the judge have to review the corroboration evidence in concert with the confession, but the panel must also review the amount and type of corroborative evidence in order to give the confession the proper weight. *United States v. Duvall*, 47 M.J. 189, 192 (C.A.A.F. 1997).

I. Possession of Child Pornography

We find the military judge correctly concluded that the record contained insufficient evidence to corroborate the appellee's statements that he possessed child pornography while on active duty. The appellee stated he had an external hard drive that was only Mac-compatible, which he used to download and save child pornography before entering active duty. He told the AFOSI he still possessed the external hard drive; however, the AFOSI was not able to recover it during the searches of the appellee's residence.

None of the appellee's electronic media analyzed by DCFL indicated that the appellee possessed child pornography during the charged time frame. The DCFL report indicates that an external hard drive had been connected to the Macbook at some point and that pornographic video files had been accessed from the external hard drive; however, none of the files were indicative of child pornography. Therefore, the military judge concluded the Macbook contained no forensic evidence to corroborate that an external hard drive containing child pornography was ever connected to the Macbook as the appellee had admitted. Also, no witnesses testified that the appellee had a hard drive containing child pornography during his time on active duty. At best, the appellee's wife suggested to the AFOSI that a hard drive did exist; however, the extent of what she knew about the contents of the hard drive is unclear. Akin to the results of the DCFL forensic analysis, the statements of the appellee's wife do not corroborate that he possessed child pornography. Without a witness or forensic evidence to connect the appellee in some way to the possession of child pornography during the charged time frame, the military judge reasonably concluded the appellee's confessions were not corroborated.

In his reconsideration, the military judge addressed *United States v. Mitchell*, 29 M.J. 854 (A.F.C.M.R. 1989), a case cited by the Government to support the idea that corroboration of past crimes can be used to corroborate the current charged offense. In doing so, the military judge distinguished *Mitchell* from the case at hand. The accused in *Mitchell* was convicted of selling seven vehicles on the black market. Two of the vehicles had documents that showed the accused's involvement; documents for five other

vehicles showed no connection to the accused. In *Mitchell*, the similarities in the crimes and the ongoing nature of the crimes established reliability during a specified time frame sufficient to corroborate the confession. Here, however, the military judge stated that because the present case includes images accessed or possessed at least two years before the confession, they did not provide any level of confidence in establishing possession during the charged time frame. We agree. Moreover, in *Mitchell*, the charges for all seven vehicles were in front of the members; however, in the present case, the appellee is not charged with the earlier crime of possessing or viewing the child pornography found in the unallocated space of the Macbook. As such, that evidence is not before the members as a part of a continuing crime like it was in *Mitchell*.

The Government also argues that the appellee's supposed "non-testimonial acts" prove consciousness of guilt. *United States v. Baldwin*, 54 M.J. 551 (A.F. Ct. Crim. App. 2000), *aff'd*, 54 M.J. 464 (C.A.A.F. 2001). We find *Baldwin* distinguishable from this case. First, *Baldwin* specifically dealt with "non-testimonial" acts that were mostly in front of Baldwin's wife, whereas the appellee's actions in this case were in the presence of law enforcement at the end of a lengthy interrogation. In addition, the Government has not articulated how the appellee's actions in front of the AFOSI could be considered non-testimonial in nature. *See Crawford v. Washington*, 541 U.S. 36 (2004). Finally, the appellee's own statements cannot be used to corroborate his confession. Mil. R. Evid. 304(g). Evidence independent from his confession is still necessary to meet the slight or very slight corroboration standard.

## II. Viewing Child Pornography

With regards to viewing child pornography, the military judge analyzed the evidence before him and concluded that corroboration to one potential crime which pre-dated the appellee's military service could not be used to corroborate his confession for a crime limited to his active duty service. We agree with the military judge's ruling and find this case analogous to *United States v. Rounds*, 30 M.J. 76 (C.M.A. 1990).

In *Rounds*, the accused confessed, among other things, to using cocaine on two occasions, once on Thanksgiving and once on New Year's Eve. The evidence to corroborate the Thanksgiving use included testimony the accused attended a party with high school friends who had "been involved in the use of drugs" and that one friend was known to have used cocaine in the past; however, no drugs or were seen by the corroborating witness. The same witness testified regarding the New Year's Eve use. Although the witness did not see the accused use cocaine, he testified that he and the accused attended a New Year's Eve party with high school friends, that drugs were readily available at the party, and that twice he borrowed a dollar bill from the accused to use cocaine while standing next to him. Our superior court upheld the conviction for the New Year's Eve use and overturned the conviction for the Thanksgiving use, even though in both instances the witness did not observe the accused using cocaine. The

corroboration for the New Year's Eve use included putting the accused at the scene of active drug use where he had direct access to drugs being used by others.

In the case before us, no independent evidence of child pornography was found on the appellee's working computer (akin to the Thanksgiving drug use). However, there was child pornography in unallocated space on the broken Macbook (akin to the New Year's Eve drug use). In other words, even though no one saw Rounds use cocaine in both instances, in the same way no one ever saw the appellee look at child pornography, someone at least saw Rounds in the presence of drugs for the charge that remained. By analogy, to properly corroborate the appellee's confession, even if no one witnessed him viewing it, the child pornography needed to at least be present in some form on one of the appellee's working computers.

The military judge's ruling that the viewing specification is not corroborated is supported by *United States v. McCastle*, 40 M.J. 763 (A.F.C.M.R. 1994), *aff'd*, 43 M.J. 438 (C.A.A.F. 1996). In *McCastle*, this Court considered the accused's confession to drug use. While no witnesses were available to corroborate his statements, this Court was satisfied the following essential facts supported drug use: the place identified by the accused was well known to local law enforcement as a drug distribution location during the specific time frame; the identity of a dealer met the accused's description; and the car and license plate of the drug dealer were verified as being affiliated with drug distribution. This case lacks the level of detail in *McCastle*. Unlike the detailed description of the drug dealer and his car in *McCastle*, the appellee's confession does not describe in detail the types of images he was viewing while on active duty. Moreover, while in *McCastle* the drug distribution site was known to law enforcement as a place where drugs were sold, here there is no testimony from an expert or law enforcement official connecting the sites the appellee visited with the child pornography he confessed to viewing.

The Government asserts the appellee's internet search history on the Dell computer, combined with the child pornography discovered in "unallocated space" on the appellee's inoperable Macbook computer, provides modus operandi evidence to corroborate the appellee's confession of viewing child pornography while on active duty. *United States v. Merritt*, 71 M.J. 699 (A.F. Ct. Crim. App. 2012), *rev'd in part on other grounds*, 72 M.J. 483 (C.A.A.F. 2013)). We find this argument misplaced. *See United States v. Rollins*, 23 M.J. 729, 734 (A.F.C.M.R. 1986) ("If identity is not in doubt and the only issue is whether the criminal act was committed, modus operandi is not relevant."); *see also United States v. Rappaport*, 22 M.J. 445, 446 (C.M.A. 1986).

*Merritt* and the case before us are markedly different. In *Merritt*, a German internet service provider detected child pornography being downloaded on the accused's computer. In the present case, there is no evidence before the Court from an internet service provider to indicate child pornography was accessed or downloaded by the

appellee. Further, as the military judge noted, the appellee's confession to viewing child pornography during the charged time frame was relatively vague. The accused in *Merritt*, however, gave a very detailed confession that dovetailed precisely with the forensic evidence found on his computer, which showed that he searched for adult Asian pornography, followed pop-up sites with terminology indicative of child pornography, and had child pornography in that computer's unallocated space. Here, the forensic evidence includes appellee's search terms for adult pornography and 25 pictures of child pornography in the unallocated space of a separate computer that was inoperable during the charged time frame. We note that the appellee admitted to regularly deleting his internet search history. The Government uses this fact to explain the lack of evidence for viewing child pornography during the charged time frame. However, this theory would have required the military judge to have determined the absence of evidence was now corroborating evidence. No testimony was presented from a DCFL witness who could have made connections between the appellee's admission to deleting internet history and what would or would not have been present on the appellee's computer.

*Conclusion*

We hold the military judge did not err in granting the motion to suppress the appellee's oral and written statements for lack of corroboration. The military judge made detailed findings of facts supported by the record, accurately described the applicable law, and reasonably concluded that the Government had not sufficiently corroborated the appellee's confessions. As such, the military judge did not abuse his discretion. We therefore affirm the military judge's decision and remand the case to the trial court for further proceedings.

On consideration of the United States appeal under Article 62, UCMJ, it is by the Court on this 16th day of January, 2014.

**ORDERED:**

That the United States appeal under Article 62, UCMJ, is hereby **DENIED**.

ORR, Senior Judge, and MITCHELL, Judge, concur.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court