*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
HOLIFIELD, STEWART, and DEERWESTER
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Christopher J. NELSON**
Lance Corporal (E-3), U.S. Marine Corps
*Appellant*

**No. 202000108**

Decided: 4 May 2021

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
Keaton H. Harrell (arraignment)
Kyle G. Phillips (motions, trial)

Sentence adjudged 12 December 2019 by a general court-martial convened at Marine Corps Base Camp Lejeune, North Carolina, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for 24 months, and a bad-conduct discharge.[1]

For Appellant:
*Commander Jonathan Riches, JAGC, USN*

---

[1] Pursuant to a plea agreement, the convening authority suspended all confinement in excess of 18 months.

For Appellee:
*Lieutenant Commander Jeffrey S. Marden, JAGC, USN*
*Lieutenant Joshua C. Fiveson, JAGC, USN*

Senior Judge HOLIFIELD delivered the opinion of the Court, in which
Judges STEWART and DEERWESTER joined.

———————————————

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under NMCCA
Rule of Appellate Procedure 30.2.**

———————————————

HOLIFIELD, Senior Judge:

Appellant was convicted, pursuant to his pleas, of one specification of conspiracy to wrongfully distribute a controlled substance, one specification of conspiracy to wrongfully introduce a controlled substance with intent to distribute, two specifications of wrongful distribution of a controlled substance, one specification of wrongful introduction of a controlled substance with intent to distribute, and three specifications of wrongful use of a controlled substance, in violation of Articles 81 and 112a, Uniform Code of Military Justice [UCMJ], 10 U.S.C. §§ 881, 912a.[2]

Appellant asserts two assignments of error [AOE]. First, that the military judge erred in admitting evidence from Appellant's smart phone based on a finding that Appellant voluntarily provided his smart phone's passcode to law enforcement. (The convening authority allowed Appellant to enter a conditional plea of guilty, preserving this issue for appellate review.)[3] Second, that Appellant received ineffective assistance of counsel when his trial defense counsel [TDC] failed to seek suppression of evidence obtained from Appellant's phone under the theory the phone was illegally seized. We find no prejudicial error and affirm.

---

[2] An additional specification of conspiracy to wrongfully distribute a controlled substance was conditionally dismissed as an unreasonable multiplication of charges.

[3] App. Ex. IX, para. 10(a).

## I. BACKGROUND

A witness in an unrelated investigation alleged drug use by Appellant. This led Investigator Hotel[4] with the Criminal Investigative Division [CID] to interview Appellant on 30 April 2019. After being escorted to CID spaces by his senior staff non-commissioned officer, Appellant met with Investigator Hotel, who advised him of his rights under Article 31(b), UCMJ, and *Miranda v. Arizona*, 384 U.S. 436 (1966). Appellant waived those rights and agreed to speak with SA Hotel. When subsequently asked if he would be willing to hand over his phone, Appellant declined. He then admitted to cocaine use and "acknowledged that he could not rule out that there was discussions of cocaine use on the phone."[5]

When Appellant again declined to allow a search of his phone, Investigator Hotel stated he would seek authorization to search the phone from Appellant's commanding officer. Asked whether he would be willing to unlock the phone if the commanding officer authorized the search, Appellant replied, "I guess at that point I'd have no choice."[6]

During the approximately 90-minute interview, Investigator Hotel asked twice more for consent to search Appellant's phone. Appellant responded, "I'd be willing to let a lawyer look at my messages."[7] He made no other mention of lawyers, and Investigator Hotel continued his questioning. Appellant then declined a fifth request to allow a search of his phone, saying, "[N]ot without knowing whether I'd be incriminating myself."[8] Investigator Hotel kept Appellant's phone when the interrogation ended, and Appellant was allowed to leave.

The next day, Investigator Hotel sought and obtained command authorization for a search and seizure [CASS] of Appellant's phone. He then had Appellant brought to him, this time at Appellant's command's headquarters building. Without re-advising Appellant of his Article 31(b) or *Miranda* rights, Investigator Hotel presented Appellant with the CASS and his phone, and asked if Appellant was now willing to unlock his phone. After replying, "I

---

[4] All names in this opinion, other than those of Appellant, the judges, and counsel, are pseudonyms.

[5] R. at 19.

[6] App. Ex. IV at 3.

[7] *Id*.

[8] *Id*.

guess I don't have a choice," Appellant entered his passcode, unlocking the phone.[9]

A subsequent search of Appellant's phone revealed substantial incriminating evidence of Appellant's wrongful use, introduction, and distribution of controlled substances.

Additional facts necessary to resolve the AOEs are addressed below.

## II. DISCUSSION

### A. Appellant Voluntarily Unlocked His Phone

"We review a military judge's ruling on a motion to suppress for an abuse of discretion and consider the evidence in the light most favorable to the party that prevailed at trial." *United States v. Mitchell*, 76 M.J. 413, 417 (C.A.A.F. 2017). A military judge abuses his discretion when he (1) predicates his ruling on findings of fact that are not supported by the evidence of record; (2) uses incorrect legal principles; (3) applies correct legal principles to the facts in a way that is clearly unreasonable, or (4) fails to consider important facts. *United States v. Commisso*, 76 M.F. 315, 321 (C.A.A.F. 2017) (citations omitted). We will accept a military judge's findings of fact unless clearly erroneous, but review his conclusions of law de novo. *United States v. Cote*, 72 M.J. 41, 44 (C.A.A.F. 2013).

At trial, Appellant's counsel unsuccessfully sought to suppress the phone's contents, claiming that Appellant's testimonial act of unlocking the phone was involuntary. In support of the motion, TDC argued that: (1) Investigator Hotel should have re-advised Appellant of his rights on 1 May 2019 before requesting that he unlock his phone; (2) because Investigator Hotel did not re-advise Appellant, any information obtained from the phone was inadmissible; and (3) the information on the phone would not have been inevitably discovered due to expected difficulties in breaking the phone's code.

In his ruling denying the Defense's suppression motion, the military judge found the relevant facts to be substantially as described *supra*. The military judge then made conclusions of law, which we summarize as follows:

(1) Both the 30 April and 1 May meetings were "custodial" for purposes of Military Rule of Evidence 305, requiring rights advisement under Article 31(b), UCMJ, and *Miranda*;

---

[9] *Id*. at 4.

(2) Appellant's ambiguous lawyer references did not amount to an express request for counsel and, therefore, the subsequent questioning did not constitute a violation of his rights under *Edwards v. Arizona*, 451 U.S. 477 (1981);

(3) The request for the passcode on 1 May qualified as a request for an incriminating testimonial statement and sought information that is privileged for Fifth Amendment purposes;

(4) Based upon a totality of the circumstances, the 1 May interrogation was a continuation of the previous day's and did not require Investigator Hotel to re-advise Appellant of his rights; and,

(5) Based on the characteristics of Appellant and the circumstances of the interrogations, all statements made by Appellant on 1 May were voluntary, and Appellant knowingly, intelligently, and voluntarily waived his rights when making them.[10]

Reviewing the video recording of the initial interview on 30 April, as well as the testimony of both Investigator Hotel and Appellant on the motion, we are satisfied that the military judge's findings are supported by the evidence and not clearly erroneous. And, reviewing each conclusion of law, we are satisfied that the military judge properly applied the correct law to the issues.

On appeal, Appellant again claims he did not knowingly, intelligently, and voluntarily waive his constitutional rights when he provided his smart phone passcode to Investigator Hotel, which our superior court has found is a communicative act that implicates the privilege against self-incrimination. *Mitchell*, 76 M.J. at 418. To support this claim, he points to his statement on 30 April that he would provide the passcode if his commanding officer authorized a search of the phone, saying, "I guess at that point I'd have no choice."[11] He also cites his statement the following day when presented with the CASS in which he agreed to provide the passcode "if I don't have a choice."[12] Appel-

---

[10] App. Ex. IV at 5-18. We note with approval the military judge's excellent, thorough ruling.

[11] Appellant's Br. at 5.

[12] *Id.* The 1 May meeting was not recorded, and there is disagreement as to the exact words Appellant used. Investigator Hotel testified that Appellant said "I guess I don't have a choice" and entered the passcode into the phone. R. at 22-23. Appellant testified he responded to the passcode request with "I will if I don't have a choice," and then unlocked the phone. R. at 49. The military judge's findings of fact reflect Investigator Hotel's version. App. Ex. IV at 3. Based on the record, we do not find this finding of fact clearly erroneous.

lant argues that these statements show he did not understand that a command search authorization did not compel him to provide access to the contents of his phone and that he was free to decline the request to provide the passcode. Thus, he argues, his waiver of his rights was not knowing, intelligent, and voluntary. We disagree.

The test for voluntariness is whether Appellant's will was overborne. *United States v. Lewis*, 78 M.J. 447, 453 (C.A.A.F. 2019). To answer this, we look to the totality of the circumstances, including "both the characteristics of [Appellant] and the details of the interrogation." *Schneckloth v. Bustamante*, 412 U.S. 218, 226 (1973).

Here, the record shows that Appellant, a 26-year-old Lance Corporal with nearly five years' service as a United States Marine, was properly advised of his rights under Article 31(b), UCMJ, and *Miranda*.[13] Investigator Hotel went over those rights with Appellant at the start of the 30 April meeting, and Appellant documented his understanding and waiver of said rights on a "Military Suspect's Acknowledgement and Waiver of Rights" form, which he orally agreed to, initialed each paragraph of, and signed. Throughout the initial interrogation, Appellant repeatedly demonstrated his understanding of his rights by declining to allow the investigator to view his phone and refusing to provide a written statement.

During the roughly 90-minute interview, Investigator Hotel appeared calm, and the tone was conversational. The next day's meeting consisted almost solely of Investigator Hotel presenting the CASS and asking Appellant if he was willing to unlock his phone. We agree with the military judge in finding no evidence of "threats, physical abuse, or coercion."[14] We further agree with the military judge's conclusion that, based on the totality of the circumstances, Appellant's statements were voluntary.

As for Appellant's argument that his comments about having "no choice" conclusively show a lack of a knowing and intelligent waiver, these statements are but one factor for us to consider. When examining the totality of the circumstances, there is no "single controlling criterion." *Schneckloth*, 412 U.S. at 227. We conclude this one data point of uncertain meaning—"I guess I don't have a choice," could just as likely have signified a belief and concession that further invocation of his right to withhold his passcode would not benefit him—is outweighed by the other factors present, including the signed rights

---

[13] Charge sheet; App. Ex. IV at 1.

[14] App. Ex. IV at 18.

waiver, the fact that Investigator Hotel never stated or implied that the CASS meant that Appellant could not refuse, and the multiple previous instances in which Appellant demonstrated his understanding of his rights by invoking them.

We note that this last point—that his prior invocations indicate a knowing and intelligent waiver regarding the passcode—may also support the opposite conclusion. When juxtaposed against his earlier refusals to let Investigator Hotel search his phone or to provide his passcode, Appellant's unlocking the phone may evidence an acquiescence to authority or mistaken belief that the CASS extinguished his right to refuse to provide the passcode. While this is a close call, when we review whether a military judge abused his discretion, an "appellant must come forward with conclusive argument that there was an abuse of discretion." *United States v. Houser*, 36 M.J. 392, 397 (C.A.A.F. 1993) (citation and internal quotation marks omitted). "The abuse of discretion standard is a strict one, calling for more than a mere difference of opinion. The challenged action must be arbitrary, fanciful, clearly unreasonable, or clearly erroneous." *United States v. Lloyd*, 69 M.J. 95, 99 (C.A.A.F. 2010) (citations and internal quotation marks omitted). The military judge's ruling here was none of these.

Accordingly, we find the military judge did not abuse his discretion in denying Appellant's motion to suppress the phone's contents as the result of an involuntary statement.

## B. Trial Defense Counsel Was Not Ineffective for Failing to Seek Suppression of the Phone's Contents on the Grounds of Illegal Seizure

We review ineffective assistance of counsel claims de novo. *United States v. Mazza*, 67 M.J. 470, 474 (C.A.A.F. 2009). In our review we use the two-part test outlined in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "In order to prevail on a claim of ineffective assistance of counsel, an appellant must demonstrate both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice." *United States v. Green*, 68 M.J. 360, 361-62 (C.A.A.F. 2010) (citing *Strickland*, 466 U.S. at 687).

Our review "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. When an ineffective assistance of counsel claim is premised on trial defense counsel's failure to move the court to take some action, "an appellant must show that there is a reasonable probability that such a motion would have been meritorious." *United States v. Napoleon*, 46 M.J. 279, 284 (C.A.A.F. 1997). "Failure to raise a meritless argument does not consti-

tute ineffective assistance." *Id.* (quoting *Boag v. Raines*, 769 F.2d. 1341, 1344 (9th Cir. 1985)).

Appellant claims TDC's performance was deficient in that he failed to move to suppress the phone's contents based on an allegedly unlawful seizure by Investigator Hotel. That is, the 30 April seizure was unlawful, and any information derived from a subsequent search of the phone should have been excluded as "fruit of the poisonous tree." *See Wong Sun v. United States*, 371 U.S. 471 (1963); *United States v. Conklin*, 63 M.J. 333, 334 (C.A.A.F. 2006). We find such a motion would have been without merit, as it would have failed on at least two grounds.

First, the seizure was not improper. During the initial interview, Appellant indicated it was certainly possible that evidence of cocaine use was on his phone; he had owned it for over two years, including during the period in which he admitted using cocaine. Based on this, Inspector Hotel retained the phone at the interview's conclusion and maintained possession of it during the roughly 24 hours between interviews. In the interim, he obtained the CASS.

Under these circumstances, there was no requirement that Investigator Hotel return Appellant's phone while the former obtained authorization to seize and search it. To the contrary, Military Rules of Evidence 315(g) and 316(c)(5) allow a criminal investigator to seize property or evidence without a warrant when there is probable cause to do so and there exists "a reasonable belief that that the delay necessary to obtain a search warrant or search authorization would result in the removal, destruction, or concealment of the property or evidence sought." Based on Appellant's statements, there was probable cause to believe the phone contained evidence of illegal drug use. Given the nature of cell phones, it was reasonable for Inspector Hotel to believe that leaving the phone in Appellant's possession would result in the removal, destruction, or concealment of evidence on the phone. Thus, the investigator was permitted to keep the phone while seeking the CASS.

Appellant incorrectly claims that Investigator Hotel created the exigency by waiting until the next morning to seek the CASS rather than immediately doing so. In fact, the exigency existed due to the easily alterable nature of cellphone data, not the amount of time needed to obtain a CASS. Whether Investigator Hotel kept the phone for 24 hours or 24 minutes, the exigency was the same. Thus, the real question is whether this exigent circumstance reasonably supported a seizure of 24-hours' duration. Military Rule of Evidence 316(c)(5) offers no guidance regarding the meaning of "temporary." But we recognize that "the ultimate touchstone of any Fourth Amendment inquiry is always reasonableness." *Cote*, 72 M.J. at 45 (citing *Florida v. Jimeno*, 500 U.S. 248, 250 (1991)). "The Fourth Amendment prohibits only 'meaning-

ful interference' with a person's possessory interests, not government action which is reasonable under the circumstances." *United States v. Visser*, 40 M.J. 86, 90 (C.A.A.F. 1994) (holding that detention of household goods for seven days for the purpose of obtaining a civilian search warrant was not unreasonable government action and did not constitute a Fourth Amendment violation). Under the circumstances presented, we find the detention of Appellant's phone for a day while Investigator Hotel sought a CASS was reasonable.

Second, in claiming the *seizure* was illegal, Appellant points to a fruitless tree—no incriminating evidence resulted from the initial seizure. Investigator Hotel seized the phone on 30 April and obtained a CASS the next day. During that time, no attempt was made to access the phone or its contents. It was not until Appellant unlocked the phone—*after authority to both search and seize the phone was obtained*—that its contents were searched. But, even if that search is viewed as relating back to and resulting from an illegal initial seizure, Military Rule of Evidence 311(c)(2) provides an exception for inevitable discovery: "Evidence that was obtained as a result of an unlawful . . . seizure may be used when the evidence would have been obtained even if such unlawful . . . seizure had not been made." The CASS, based on probable cause and not on any illegally obtained evidence, authorized Investigator Hotel to seize the phone on 1 May—clear evidence that the seizure was inevitable.[15]

Accordingly, finding no reasonable probability that a motion to suppress based on an alleged illegal seizure would have succeeded, we do not find TDC was ineffective for failing to raise it.

## III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred. UCMJ arts. 59, 66. Accordingly, the findings and sentence are **AFFIRMED**.

Judges Stewart and Deerwester concur.

---

[15] This Court has found the inevitable discovery doctrine applicable when the government *likely would have obtained* authorization to seize evidence. *See United States v. Weston*, 66 M.J. 544, 554 (N-M. Ct. Crim. App. 2008), *aff'd* 67 M.J. 390 (C.A.A.F. 2009). Here, the investigator *actually did obtain* such authorization.



FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court