IN THE CASE OF


UNITED STATES, Appellee

v.

John T. BALDWIN, Staff Sergeant
U.S. Air Force, Appellant

No. 00-6002

Crim. App. No. 2000-02

United States Court of Appeals for the Armed Forces

Argued January 9, 2001

Decided April 18, 2001

EFFRON, J., delivered the opinion of the Court, in which
CRAWFORD, C.J., and SULLIVAN, GIERKE, and BAKER, JJ., joined.


Counsel


For Appellant: Captain Kyle R. Jacobson (argued); Colonel James R. Wise and
Lieutenant Colonel Timothy W. Murphy (on brief).


For Appellee: Major Brian T. Wheeler (argued); Colonel Anthony P. Dattilo
and Major Lance B. Sigmon (on brief).


Military Judge: Harvey A. Kornstein


THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE PUBLICATION.

Judge EFFRON delivered the opinion of the Court.

Appellant was charged with one specification of committing indecent acts with a child, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. At a general court-martial, the military judge granted appellant's motion to suppress his written confession to investigators, holding that the statement was not sufficiently corroborated under Military Rule of Evidence 304(g), Manual for Courts-Martial, United States (2000 ed.). The Government filed timely written notice of appeal of the military judge's ruling pursuant to Article 62(a)(2), UCMJ, 10 USC § 862(a)(2). The Court of Criminal Appeals initially agreed with the ruling by the military judge. 53 MJ 676 (2000). Upon reconsideration, the court concluded that the military judge erred in suppressing appellant's confession and ordered the case returned to the court-martial for further proceedings. 54 MJ 551 (2000) (en banc).

On appellant's petition, we granted review of the following issues:

I.

WHETHER THE AIR FORCE COURT OF CRIMINAL
APPEALS EXCEEDED ITS AUTHORITY UNDER ARTICLE
62, UCMJ, BY FINDING ADDITIONAL FACTS TO
SUPPORT ITS CONCLUSIONS OF LAW.

II.

WHETHER THE AIR FORCE COURT OF CRIMINAL
APPEALS ERRED BY USING OTHER UNCORROBORATED
ADMISSIONS OF THE ACCUSED AND EVENTS NOT
CONNECTED IN TIME OR PLACE TO THE ALLEGED
CRIME IN DETERMINING THAT APPELLANT'S
CONFESSION WAS ADEQUATELY CORROBORATED.

For the reasons stated below, we affirm the holding of the Court of Criminal Appeals.

## I.  Background

After turning himself in to the Air Force Office of Special Investigations (AFOSI), appellant provided a detailed confession concerning the acts with which he was charged.  Appellant's handwritten statement to AFOSI included the following admissions: (1) on April 24, appellant's wife "walked in on" him during one of the occasions on which he touched his daughter's genitals while she was asleep in her bedroom; (2) appellant "immediately" sought help from the chaplain; and (3) the chaplain referred appellant to a family therapist.

At trial, appellant moved to suppress this confession on the ground that his statement was not corroborated adequately under Mil.R.Evid. 304(g), which provides:

> An admission or a confession of the accused
> may be considered as evidence against the
> accused on the question of guilt or
> innocence only if independent evidence,
> either direct or circumstantial, has been

> introduced that corroborates the essential
> facts admitted to justify sufficiently an
> inference of their truth.

In United States v. Cottrill, 45 MJ 485, 489 (1997), we

summarized the applicable case law as follows:

> The corroboration requirement for admission
> of a confession at court-martial does not
> necessitate independent evidence of all the
> elements of an offense or even the corpus
> delicti of the confessed offense. See
> United States v. Maio, 34 MJ 215, 218 (CMA
> 1992). Rather, the corroborating evidence
> must raise only an inference of truth as to
> the essential facts admitted. Id.; United
> States v. Rounds, 30 MJ 76, 80 (CMA 1990).
> Moreover, while reliability of the essential
> facts must be established, it need not be
> done beyond a reasonable doubt or by a
> preponderance of the evidence. Maio, supra
> at 218 n. 1; see United States v. Melvin, 26
> MJ 145, 146 (CMA 1988) (quantum of
> corroboration needed "very slight"); United
> States v. Yeoman, 25 MJ 1, 4 (1987)
> (corroboration needed "slight"). We have
> closely analyzed the evidence in every case
> before us to determine whether a confession
> has been sufficiently corroborated. See
> Maio, supra at 218-19; see generally C.A.
> Wright, Federal Practice and Procedure § 414
> (1982).

The military judge in the present case made detailed

findings of fact, which included the following: (1) on April 24,

appellant's wife saw appellant in the child-victim's bedroom

beside her bed; (2) appellant gave his wife "a strange look that

she had never seen before"; (3) appellant left the bedroom and

went into the living room, where his wife found him crying on

the floor and talking about his own history of being molested as a child; and (4) two days after this incident, appellant sought professional counseling with the base chaplain, who referred him to a therapist.  After enumerating these and other findings, the military judge granted appellant's motion, concluding that the Government had failed to introduce sufficient evidence to corroborate the truth of the essential facts of appellant's confession.

## II.  Discussion

We agree with the court below that the facts specifically enumerated by the military judge adequately corroborate those contained in appellant's written confession.  The military judge described a specific interaction between appellant and his wife on the night of April 24, which began when she found him in the child-victim's bedroom, and which culminated with appellant revealing to his wife his own history of being molested as a child.  This finding sufficiently corroborates the truth of appellant's own statement that his wife "walked in on" him while he was molesting the child in the child's bedroom on April 24.

The military judge's finding that two days after this incident appellant sought professional counseling with a chaplain, who then referred him to a therapist, adequately corroborated the truth of appellant's assertion that he

5

immediately sought help from a chaplain, who then referred him to a therapist.

In light of the direct corroborative value of the facts found by the military judge with respect to the essential facts contained in appellant's written confession, we agree with the court below that the military judge erred in suppressing the confession under Mil.R.Evid. 304(g). The findings made by the military judge, which raised an inference of truth as to the essential facts admitted, were legally sufficient to corroborate appellant's confession.

In view of our conclusion that the military judge's determination was incorrect as a matter of law, we need not reach the second granted issue regarding the ability of the lower court to consider facts in addition to those found by the military judge in evaluating corroborating evidence.

## III. Conclusion

The decision of the United States Air Force Court of Criminal Appeals remanding this case for further proceedings is affirmed. The record of trial is returned to the Judge Advocate General of the Air Force.