# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

## Staff Sergeant CHARLES D. BUFORD
### United States Air Force

### Misc. Dkt. No. 2016-04

### 9 June 2016

GCM convened at Yokota Air Base, Japan. Military Judge: Patricia A. Gruen.

Appellate Counsel for Appellant: Captain Annie W. Morgan (argued) and Lieutenant Colonel Joy L. Primoli.

Appellate Counsel for the United States: Major Mary Ellen Payne (argued); Captain J. Ronald Steelman III, and Gerald R. Bruce, Esquire.

Before

MITCHELL, DUBRISKE, and BROWN
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

BROWN, Judge, delivered the opinion of the court, in which, MITCHELL, Senior Judge, joined. DUBRISKE, Judge, filed a separate opinion concurring in part and dissenting in part.

The Government filed an interlocutory appeal under Article 62, UCMJ, 10 U.S.C. § 862, challenging the military judge's ruling suppressing Appellee's oral and written statements to law enforcement investigators. We conclude the military judge's findings of fact are incomplete as she fails to directly address relevant factual matters from the record regarding whether Appellant's invocation of counsel was ambiguous. If findings are incomplete or legal issues left unresolved by the military judge, the "'appropriate remedy . . . is a remand for clarification' or additional findings." *United States v. Lincoln*, 42 M.J. 315, 320 (C.A.A.F. 1995) (quoting *United States v. Kosek*, 41 M.J. 60, 64 (C.M.A. 1994)).

After carefully considering the record, the military judge's ruling, and the submissions of the parties, we find that the military judge failed to make adequate findings of fact and omitted analysis necessary to permit us to determine whether she abused her discretion in suppressing Appellee's admissions to law enforcement investigators. Accordingly, we grant the Government's appeal, vacate the military judge's ruling, and remand the record for action consistent with this opinion.

*Procedural Background*

Appellee is charged with wrongfully viewing child pornography in violation of Article 134, UCMJ, 10 U.S.C. § 934. Trial defense counsel filed a pretrial motion to suppress all pretrial statements made by Appellee to law enforcement investigators. The general court-martial convened on 12 January 2016.

After the presentation of evidence and arguments by counsel, the military judge issued an eight-page written ruling granting the Defense's motion to suppress. While focusing on Appellee's post-rights advisement statements, the military judge found Appellee's initial request for counsel was unambiguous. As such, she believed the questioning of Appellee should have stopped immediately. The military judge also found Appellee's statement after his initial invocation of rights did not "reinitiate" questioning, allowing agents to clarify whether Appellee wanted to waive his previously invoked rights. The military judge determined the subsequent statements from Appellee resulted from his confusion about the interview and his rights; confusion the military judge found was caused by the agents' pre-rights advisement comments trying to alleviate any worries Appellee may have had about the interview. Finally, the military judge concluded that, even assuming Appellee reinitiated discussions with the agents, any waiver from Appellee following his unambiguous invocation of right to counsel was not knowing and intelligent.

For reasons not clear from the record, the Government elected not to request reconsideration of this ruling at the trial level and instead filed a timely notice of appeal on 15 January 2016. The authenticated record of proceedings was docketed with this court on 4 February 2016, requesting review of the following issue:

> WHETHER THE MILITARY JUDGE ABUSED HER DISCRETION IN SUPPRESSING APPELLEE'S ORAL AND WRITTEN STATEMENTS MADE TO THE AIR FORCE OFFICE OF SPECIAL INVESTIGATIONS (AFOSI).

The Government requested oral argument of this issue on 24 March 2016, which we granted on 4 April 2016. As part of our outreach program, we heard oral argument at the Fordham University School of Law in New York, New York, on 15 April 2016.

*Jurisdiction and Standard of Review*

This court has jurisdiction to hear this appeal under Article 62(a)(1)(B), UCMJ, 10 U.S.C. § 862(a)(1)(B), which authorizes the Government to appeal "[a]n order or ruling which excludes evidence that is substantial proof of a fact material in the proceeding" in a court-martial where a punitive discharge may be adjudged.

In an Article 62, UCMJ, appeal, this court "may act only with respect to matters of law." Article 62(b), UCMJ. This court reviews a military judge's ruling on a motion to suppress for abuse of discretion. *United States v. Cote*, 72 M.J. 41, 44 (C.A.A.F 2013); *United States v. White*, 69 M.J. 236, 239 (C.A.A.F. 2010). "The abuse of discretion standard is a strict one, calling for more than a mere difference of opinion. The challenged action must be 'arbitrary, fanciful, clearly unreasonable, or clearly erroneous.'" *White*, 69 M.J. at 239 (quoting *United States v. Lloyd*, 69 M.J. 95, 99 (C.A.A.F. 2010)). An abuse of discretion occurs when the findings of fact are clearly erroneous or the conclusions of law are based on an erroneous view of the law. *United States v. Hollis*, 57 M.J. 74, 79 (C.A.A.F. 2002). As such, the findings of fact are reviewed under the clearly erroneous standard and conclusions of law are reviewed de novo. *Cote*, 72 M.J. at 44. "On questions of fact, [we ask] whether the decision is reasonable; on questions of law, [we ask] whether the decision is correct." *United States v. Baldwin*, 54 M.J. 551, 553 (A.F. Ct. Crim. App. 2000) (quoting Steven A. Childress & Martha S. Davis, *Federal Standards of Review* § 7.05 (3d ed. 1999)) (alterations in original), *aff'd,* 54 M.J. 464 (C.A.A.F. 2001).

*Background*

Although assigned to the 374th Communications Squadron, Yokota Air Base (AB), Japan, as a client support administrator, Appellee was attached to an operating location at Camp Zama, an Army garrison located about 60 to 90 minutes from Yokota AB. Upon arriving at Camp Zama, Appellee secured Internet service in his dormitory room through a third party Internet provider.

On 7 July 2014, the AFOSI detachment at Yokota AB was notified that a specific Internet protocol (IP) address was suspected to have been used to download approximately 168 files of child pornography between 22 June 2014 and 29 June 2014. A subsequent subpoena issued to the third party Internet service provider identified Appellee as the subscriber for the IP address during the time period the suspected images of child pornography were downloaded.

Based on this information, Appellee was transported from Camp Zama to the AFOSI office at Yokota AB for an interview. The interview was primarily conducted by

Special Agent (SA) JR of AFOSI and SA JW, who was employed by the Department of Homeland Security.

SA JW informed Appellee that before they could go any further there was "one formality" referring to rights advisement. He then moved to allay any of the Appellee's concerns by saying there was a "common misconception because of movies that every time someone is read their rights they are going to jail." SA JW reassured Appellee, saying, "[T]his is not what this is intended for." SA JW continued by saying, "[W]e always give someone their rights just so it is clear cut that we are not twisting anybody's arm" and "as a matter of fact you are not under arrest right now."

Although not a part of the military judge's findings of fact[1], the transcript also shows that the following exchange occurred prior to rights advisement:

> [SA JW]: Okay. But it's just so that you clearly understand that if at any time you don't want to talk to us, that's fine.
>
> [Appellee]: Oh no, I'm good to talk.

After being informed he was suspected of possession of child pornography, Appellee was then notified of his right to consult with counsel:

> [SA JR]: You have the right to consult a lawyer or to have a lawyer present during this interview. You have the right to military counsel free of charge. In addition to military counsel, you are entitled to civilian counsel of your own choosing at your own expense. You may request a lawyer at any time during this interview. If you decide to answer questions, you may stop the questioning at any time. Do you understand your rights?
>
> [Appellee]: Yes.
>
> [SA JR]: Okay. Do you want a lawyer?
>
> [Appellee]: Do what?
>
> [SA JR]: Do you want a lawyer?

---

[1] Although this court is prohibited from making additional findings of fact, we may consider whether a military judge's findings of fact are so incomplete as to necessitate a remand to the trial court for additional findings of fact. *See United States v. Lincoln*, 42 M.J. 315, 320 (C.A.A.F. 1995). For reasons that are discussed below, this purported exchange is potentially critical in determining whether Appellee's later invocation of counsel was ambiguous.

[Appellee]: Um, sure. Well, is it yes or no?[2]

[SA JR]: I mean it's a—

[Appellee]: Sure. [Laughs.] Yes.

[SA JR]: Basically you want a lawyer present at this interview?[3]

[Appellee]: Oh. We got some here?

[SA JR]: No, we—

[Appellee]: Oh. I'm, yes . . . if we . . .

[SA JR]: Okay.

[Appellee]: Or do we—I'm not for sure how this part goes. I'm like so do we—

[SA JR]: But—

[Appellee]: Do we have to have one or—

[SA JW]: It's up to you. If you want to talk to us right now about this, we're happy to talk. If you prefer to have a lawyer, then we can't really talk right now about the issue.

[Appellee]: Oh, I'd have to wait for another . . .

[SA JW]: So, it's totally up to you. I can't make that decision.

[SA JR]: Yeah it's totally up to you. Your decision.

[Appellee]: Oh, um. Mm. I guess I can—I guess I can talk to y'all.

---

[2] The interview transcript reads, "Well, yes and no." The military judge found Appellee asked, "Well, is it yes or no?" On appeal, the Government now concurs with the military judge's interpretation of the transcript. This appears to be accurate based on the court's independent review of the videotaped interview. This finding is not clearly erroneous.

[3] The written transcript stated, "Basically do you want a lawyer present at this interview?" The military judge did not include the word "do" in her findings of fact. We have listened to the audio recording of the interview. Both interpretations are reasonable and therefore the finding of fact as to this question is not clearly erroneous. That notwithstanding, the military judge may certainly choose to revisit this factual finding, as well as any other finding of fact, on remand.

[SA JR]: Okay, so do you want a lawyer?

[Appellee]: [Laughing.]

[SA JR]: Like at this time?

[Appellee]: Oh, at this time? Oh, no I don't—not right now. I'll talk to y'all.

[SA JR]: I just need a yes or no [inaudible].

[Appellee]: Oh. No, not right now.

[SA JR]: Okay, are you willing to answer questions?

[Appellee]: Yes.

Thereafter, Appellee provided both an oral and written statement regarding his knowledge of child pornography on his computer.

*Analysis*

The preliminary question before the military judge was whether Appellee's statements of "yes" and "sure" to investigators equated to an unambiguous invocation of rights. At the trial level, both trial and defense counsel focused their argument on the words used by Appellee when he invoked. At the appellate stage, however, appellate counsels' focus expanded to a discussion of whether the "good to talk" statement prior to rights advisement created ambiguity in the later invocation of counsel.

Invocation of the right to counsel "requires, at a minimum, some statement that can reasonably be construed to be an expression of a desire for the assistance of an attorney." *McNeil v. Wisconsin*, 501 U.S. 171, 178 (1991). "Where nothing about the request for counsel or the circumstances leading up to the request would render it ambiguous, all questioning must cease." *Smith v. Illinois*, 469 U.S. 91, 98 (1984). Statements subsequent to a clear invocation of counsel may not be considered in determining whether the invocation was ambiguous. *Id.* Reviewing courts may, however, consider statements and events immediately preceding the invocation, as well as "nuances inherent in the request itself." *Id.* at 100; *United States v. Delarosa*, 67 M.J. 318, 324 (C.A.A.F. 2009).

The determination of whether an invocation is unambiguous (requiring the agents to immediately terminate the questioning) or ambiguous (permitting further clarifying questions) is an objective inquiry based upon how a "reasonable police officer" would view

the comments. *Davis v. United States*, 512 U.S. 452, 459 (1994); *see also United States v. Lovely*, 73 M.J. 658, 672 (A.F. Ct. Crim. App. 2014).[4]  If an accused is indecisive in his request, questions regarding whether he did or did not waive counsel "must necessarily be left to the judgment of the interviewing agent." *Miranda v. Arizona*, 384 U.S. 436, 485 (1966).

Once an accused unambiguously requests counsel, "courts may admit his responses to further questioning only on finding that he (a) initiated further discussions with the police, and (b) knowingly and intelligently waived the right he had invoked." *Smith*, 469 U.S. at 95 (citing *Edwards v. Arizona*, 451 U.S. 477, 485, 486, n.9 (1981)).

Here, the military judge's findings of fact are incomplete in that they did not address Appellee's purported pre-rights advisement statement to investigators that he was "good to talk," and did not otherwise consider that comment during her analysis. In determining whether a request for counsel is unambiguous, courts have held that prior statements expressing a desire to talk or cooperate can create ambiguity such that an investigator may ask clarifying questions regarding the invocation. *See United States v. Delarosa*, 67 M.J. 318 (C.A.A.F. 2009) (finding "no" response to rights advisement form was ambiguous when the service member previously indicated, several times immediately preceding the "no" response, that he wanted to discuss the matter with investigators); *see also Medina v. Singletary*, 59 F.3d 1095, 1105 (11th Cir. 1995); *Nash v. Estelle*, 597 F.2d 513, 518 (5th Cir. 1979); *United States v. Grullon*, 496 F.Supp. 991 (E.D. Pa. 1979).

Here, the military judge omitted a significant fact preceding the alleged invocation of rights.  Appellee had informed investigators prior to rights advisement that he was "good to talk" about the allegations.  This purported statement, which is relevant to a legal standard focused on a reasonable agent's assessment of a suspect's desires, is missing from the findings of fact in this case.[5]  While Appellee may have in fact changed his mind in the short time between this statement and his advisement of rights, it was the military judge's duty to contrast or otherwise to consider this evidence that potentially conflicted with her findings.  *See United States v. Baker*, 70 M.J. 283, 294 (C.A.A.F. 2011) (Baker, J., dissenting) ("Military judges may differ in how they weigh these particular factors in light of the totality of the circumstances without abusing their discretion; however, they are not

---

[4] Although the military judge did not specifically cite to the correct legal standard in determining whether Appellee's invocation of counsel was unambiguous, there is a presumption that she knew the law and applied it correctly.  *See United States v. Robbins*, 52 M.J. 455, 457 (C.A.A.F. 2000).  This presumption is strained, however, where the military judge references Appellee's subjective understandings about the interview in this portion of her analysis rather than the objective standard set forth by case law.  Regardless, our decision to vacate the military judge's ruling based on incomplete findings will also provide the military judge with an opportunity to explicitly apply the facts to the correct legal standard.

[5] We do recognize that neither trial counsel nor defense counsel were helpful to the military judge in this regard.  Neither argued the purported "good to talk" statement or its potential legal significance to the question of whether Appellee unambiguously invoked counsel.  Nevertheless, the defense counsel did attach the full transcript to their motion to suppress, the military judge reviewed the transcript, and the military judge had an independent duty to consider all relevant information necessary for resolution of the issues presented.

free to ignore facts in the record that should inform that analysis."). Though not otherwise discussed or addressed by the military judge, it was this portion of the transcript that was the focus of appellate counsel in their filings and argument before this court. Consequently, this omission is so significant that we believe remand of the case is necessary to ensure the proper evaluation of this factual matter against the objective legal standard as noted above.

Additionally, the military judge's findings failed to acknowledge or address the testimony of the AFOSI agent who read Appellee his Article 31, UCMJ, 10 U.S.C. § 831, rights and engaged in the colloquy subject to this interlocutory appeal. While the prosecution made minimal effort to elicit relevant information in support of its burden of proof on the motion, the Government did provide testimony from the agent where he testified that he believed Appellee's responses went from "yes to no" very quickly and that he took these responses as being unclear and necessitated clarifying questions. As with Appellee's pre-invocation statement, the agent's testimony needed to be addressed in some way by the military judge in her ruling when evaluating whether a reasonable investigator would have considered Appellee's invocation unambiguous. The military judge could have found this witness as not credible, or found that that the agent misheard Appellee's statements, or that despite the agent's testimony a *reasonable* investigator would have found Appellant's invocation of counsel unambiguous, i.e., the agent was unreasonable in his stated belief. Regardless of how the military judge could choose to deal with the testimony, the one thing that the military judge could not do was ignore it completely.

*Conclusion*

The military judge entered incomplete findings which lead to inadequate analysis. First, she failed to recognize Appellee's purported pre-rights advisement statement that he desired to talk and omitted any analysis of what impact that it would have on whether a reasonable investigator would consider Appellee's later invocation of counsel unambiguous. Second, she failed to address the Government's sole witness on this motion. The lack of these necessary findings and analysis constrains our ability to adequately determine if the military judge abused her discretion in suppressing Appellee's admission. In light of these incomplete findings, the appropriate remedy is a remand for additional findings and analysis. *Kosek*, 41 M.J. at 64.

Accordingly, the appeal of the United States is granted. The military judge's ruling is vacated and the record of trial is returned to the Judge Advocate General for remand to the convening authority and delivery to the military judge for reconsideration in light of this opinion. The military judge may permit additional evidence and argument on the motion to suppress and shall enter findings of fact and conclusions of law to support her reconsidered ruling. The trial may then proceed or the United States may again pursue appeal under Article 62, UCMJ, if appropriate. *Kosek*, 41 M.J. at 65.

DUBRISKE, Judge, concurring in part and dissenting in part:

I concur with the majority opinion to the extent the military judge's ruling is vacated. I respectfully dissent, however, as to the findings of fact being labeled as "incomplete" rather than clearly erroneous. I believe the military judge clearly abused her discretion by applying a subjective standard in determining whether Appellee's request for counsel was unambiguous. As I also believe the military judge's findings of fact are not supported by the entire factual record before this court, I would reverse the military judge's decision to suppress Appellee's oral and written statements in this case. There are sufficient undisputed facts in this case to conclude, on appeal, that any invocation of counsel was ambiguous.

In *Miranda* v. *Arizona*, the United States Supreme Court recognized that custodial interrogations, by their very nature, generate "compelling pressures which work to undermine the individual's will to resist and to compel him to speak where he would not otherwise do so freely." *Miranda*, 384 U.S. at 467. To combat this inherent compulsion, and thereby protect the Fifth Amendment[6] privilege against self-incrimination, *Miranda* imposed on the police an obligation to follow certain procedures in their dealings with the accused. This obligation requires police to fully apprise the suspect of the government's intention to use his statements to secure a conviction, and must inform him of his rights to remain silent and to "have counsel present . . . if [he] so desires." *Id*. at 468–70; *accord* Mil. R. Evid. 305.

Invocation of the *Miranda* right to counsel "requires, at a minimum, some statement [by an accused] that can reasonably be construed to be an expression of a desire for the assistance of an attorney." *McNeil*, 501 U.S. at 178. In order to constitute an unambiguous invocation of the right to counsel, the invocation must be "sufficiently clear[] that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney." *Davis*, 512 U.S. at 459. As noted by the majority above, this determination is an objective review to avoid difficulties of proof and to provide guidance to officers conducting interrogations. *Id*.; *see also Lovely*, 73 M.J. at 672.

While the majority presumes the military judge was aware of and applied the correct law, there is sufficient evidence in my opinion to rebut such a presumption. Her eight-page ruling, while specifically detailing the legal standards for custodial interrogation, re-initiation of questioning, and voluntariness, makes no mention of the most critical legal standard given the primary issue before the military judge in this case.

Moreover, the presumption is rebutted by the fact the vast majority of the military judge's findings seemingly focus on the subjective impact of the interrogation on Appellee. The military judge repeatedly opined it was the agents' communications which caused the confusion expressed by Appellee during his advisement of rights. Given that the military

---

[6] U.S. CONST. amend. V.

judge subsequently ignored other evidence such as Appellee's unsolicited statement that he was "good to talk" with the agents, it is apparent the military judge applied the incorrect legal standard. This subjective focus, while relevant to a discussion of voluntariness, is not pertinent to the objective question of whether Appellee unambiguously invoked his right to counsel.

Finally, the military judge's focus on the words used by Appellee reflect her application of an erroneous subjective standard in this case. Parsing out the terms "sure" and "yes," the military judge concluded Appellee gave three clear, affirmative requests for counsel. The proper test, however, remains an objective one, as even "yes and no" answers can be evaluated to resolve the question of ambiguity. *See Medina v. Singletary*, 59 F.3d 1095, 1105 (11th Cir. 1995) (examining events preceding a suspect's "no" response to whether he wanted to make a statement); *see also, United States v. Scurlock,* 52 F.3d 531, 536–37 (5th Cir. 1995) (finding that the defendant's comment that she needed a lawyer, taken in context, which included the defendant's previous agreement to give a recorded statement, was not a clear invocation of her right to counsel).

It is also my opinion the military judge's findings of fact were not sufficiently supported by the record and, therefore, were clearly erroneous. One of the difficulties in assessing this case stems from the military judge's failure to separate her factual findings from legal conclusions, credibility assessments, and personal opinions regarding the evidence produced on the suppression motion. As noted by our superior court, military judges must be careful to restrict findings of fact to things, events, deeds, or circumstances that actually occurred, versus legal effect, consequence, or interpretation. *United States v. Cossio*, 64 M.J. 254, 256–57 (C.A.A.F. 2007). While findings of fact are binding on this court, conclusions, criticisms, opinions, or interpretive statements made by the military judge are not. *Id.*

In addition to the significant omissions noted by the majority above, the military judge's conclusions regarding Appellee's understanding of the purpose of the interview are sufficiently rebutted by the clear, concise, and accurate rights advisement provided by the agents in this case. As an example, the military judge concluded the agents failed to clearly inform Appellee that he was suspected of the crime of viewing child pornography and that he was afforded certain constitutional rights as a suspect of a crime. This conclusion, given the accurate rights advisement provided to Appellee, is clearly erroneous. *See Davis*, 512 U.S. at 460 (quoting *Moran v. Burbine*, 475 U.S. 412, 427 (1986)) ("[T]he primary protection afforded suspects subject to custodial interrogation is the *Miranda* warnings themselves. 'Full comprehension of the rights to remain silent and request an attorney [is] sufficient to dispel whatever coercion is inherent in the interrogation process.'").

For all of these reasons, I believe the military judge abused her discretion and, as such, respectfully dissent from the order remanding this case for additional factual findings.

I would instead grant the Government's appeal and reverse the military judge's decision to suppress Appellee's oral and written statements in this case.

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court