*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps Court of Criminal Appeals

Before
CRISFIELD, FULTON, and HITESMAN,
Appellate Military Judges

—————————————

**UNITED STATES**
Appellant

**v.**

**Ignacio DELGADO**
Hospital Corpsman Third Class Petty Officer (E-4), U.S. Navy
Appellee

**No. 201900065**

Decided: 31 July 2019

Appeal by the United States pursuant to Article 62, UCMJ. Military Judge: Lieutenant Colonel Roger E. Mattioli, USMC. Arraignment 19 November 2018 by a general court-martial convened at Naval District Washington, District of Columbia.

For Appellant: Lieutenant Kurt W. Siegal, JAGC, USN; Captain Brian L. Farrell, USMC

For Appellee: Lieutenant Michael W. Wester, JAGC, USN

Senior Judge HITESMAN delivered the opinion of the Court, in which Chief Judge CRISFIELD and Senior Judge FULTON joined.

—————————————

**This opinion does not serve as binding precedent but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 30.2.**

—————————————

HITESMAN, Senior Judge:

This is an interlocutory appeal by the government, filed pursuant to Article 62, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 862 (2016). The government appeals the military judge's ruling "which excludes evidence that is substantial proof of a fact material in the proceeding." Art. 62(a)(1)(B), UCMJ. The government alleges that the military judge abused his discretion by suppressing the appellee's confession and admissions pursuant to MILITARY RULE OF EVIDENCE (MIL. R. EVID.) 304(c), MANUAL FOR COURTS-MARTIAL (MCM), UNITED STATES (2016 ed.). We conclude that the military judge abused his discretion and we grant the government's appeal.

## I. BACKGROUND

On 29 January 2018, the appellee arranged for his wife to meet him at his psychotherapist's office. The appellee told his wife he had something to tell her and he arranged for a babysitter to watch their three children. After his wife arrived, and with the psychotherapist present, the appellee had a difficult time speaking and began to cry. He confessed that he sexually abused their daughter, ED, who was between 18 and 21 months of age at the time of the abuse.

Two weeks after the disclosure, the appellee's psychotherapist informed Maryland State Child Protective Services (CPS) that the appellee had admitted to sexually abusing his daughter. The Naval Criminal Investigative Service (NCIS) and CPS began an investigation during which they interviewed the appellee's wife; forensically interviewed two of the children; ED and AD, and searched the appellee's electronic media. "NCIS found no physical evidence corroborating the accused's admission."[1] The appellee's statements to his wife on 29 January 2018 at his psychotherapist's office are the only evidence that he sexually abused his daughter.

The appellee moved to suppress the statements arguing that the statements lack sufficient corroboration under MIL. R. EVID. 304(c). At the Article 39(a), UCMJ, session, the government only offered the written statement of the appellee's wife to NCIS as independent evidence corroborating the admissions and confession. The written statement of the appellee's wife recounts the appellee's confession of sexual abuse at the psychotherapist's office and corroborates some of the details stated by the appellee. In particular, the appellee's wife stated that the family visited Utah in the summer of 2016 and

---

[1] Appellate Exhibit (AE) XXXII at 3.

described the family practice of showering with the children. The appellee's wife further stated that it was the normal routine to stomp on the floor when the child was finished showering as a signal for the other parent to bring a towel for the child and get them ready for bed. Finally, the statement describes the appellee's demeanor while he was disclosing the sexual abuse of his daughter.

The military judge issued a written ruling on 15 February 2019 suppressing the confession on the basis that the government failed to meet its burden to introduce independent corroborating evidence. The military judge entered findings of fact addressing the appellee's disclosures:

> o. The accused then stated, "It has to do with ED. I didn't do anything to her. She masturbated me when we were in the shower together."
>
> p. Upon prodding from [his psychotherapist], the accused stated "it" happened four times.
>
> q. [His wife] then asked for further details of the abuse, to include when it happened, where she was at the time, and for a more detailed description of the abuse.
>
> r. The accused stated it happened a year and a half prior, shortly after the last family trip to Utah, over a three-month period.
>
> s. [His wife] asked, "where was I? Did you wait until I wasn't home and then say to ED 'let's go take a shower'? Or was it when I was home and you just did it before stomping your foot on the ground"?
>
> t. The accused responded, "that one."
>
> u. [His wife] elicited additional details, to include the fact that ED used both hands to accomplish the act, that he did not have to teach her how to do it, and that ED was able to masturbate him to ejaculation twice, while on the other occasions he had to "finish" himself.
>
> v. Finally, when asked if he tried to make it fun or funny, the accused stated, "yes, something like that."[2]

This ruling led to the government's interlocutory appeal sub judice.

---

[2] *Id.* at 2.

## II. DISCUSSION

Other than his confession, there is no evidence that the appellee sexually abused his daughter. There is no DNA evidence, no witnesses, and the alleged victim cannot provide any incriminating testimony or evidence.

The government contends that, under MIL. R. EVID. 304(c), the military judge should not have suppressed the confession because he abused his discretion by applying the wrong legal test. Having carefully reviewed the record and pleadings, we reverse the military judge's ruling for the reasons outlined below.

### A. Abuse of Discretion

In this appeal, we may act only with respect to matters of law. Art. 62(b), UCMJ; RULE FOR COURTS-MARTIAL (R.C.M.) 908(c)(2), MCM (2016 ed.). We are bound by the military judge's factual determinations unless they are unsupported by the record or clearly erroneous, and we may not engage in our own factfinding. *United States v. Gore*, 60 M.J. 178, 185 (C.A.A.F. 2004). We review a military judge's ruling on a motion to suppress for an abuse of discretion. *United States v. Jones*, 78 M.J. 37, 41 (C.A.A.F. 2018). "[W]e review factfinding under the clearly erroneous standard and conclusions of law under a de novo standard." *United States v. Baker*, 70 M.J. 283, 287 (C.A.A.F. 2011) (quoting *United States v. Ayala*, 43 M.J. 296, 298 (C.A.A.F. 1995)). "The abuse of discretion standard is a strict one, calling for more than a mere difference of opinion. The challenged action must be arbitrary, fanciful, clearly unreasonable, or clearly erroneous." *United States v. McElhaney*, 54 M.J. 120, 130 (C.A.A.F. 2000) (internal quotation marks omitted). Finding legal error, we conclude that the military judge abused his discretion when he suppressed the appellee's confession.

### B. Corroboration of Confessions

Our criminal justice system has long required that before an accused's confession can be used as the sole basis for a conviction, some independent evidence must corroborate it. *See Escobedo v. Illinois*, 378 U.S. 478, 488-89 (1964). MIL. R. EVID. 304 governs how confessions and admissions are used in courts-martial. MIL. R. EVID. 304(c) was changed in 2016 in an effort to bring military justice practice in line with federal criminal practice. The essential facts test was replaced with a trustworthiness standard:

> An admission or a confession of the accused may be considered as evidence against the accused on the question of guilt or innocence only if independent evidence, either direct or circumstantial, has been admitted into evidence that would tend to establish the trustworthiness of the admission or confession.

MIL. R. EVID. 304(c)(1), MCM (2016). Where the previous rule required independent evidence to corroborate each essential fact before that fact was introduced as part of a confession or admission, the current rule requires a more holistic approach focusing on the overall trustworthiness of the admission or confession as a whole and eliminates a one-for-one factual corroboration requirement. The entire confession can be admitted into evidence even though every element or fact as confessed is not corroborated. MIL. R. EVID. 304(c)(2), MCM (2016).

A fact-based analysis of the confession and independent evidence is still appropriate in order to determine if the confession or admission is sufficiently corroborated. The Supreme Court suggests a fact-based analysis as a roadmap to answering the question of trustworthiness, finding that the government must "introduce substantial independent evidence which would tend to establish the trustworthiness of the statement, . . . [i]t is sufficient if the corroboration supports the essential facts admitted sufficiently to justify a jury inference of their truth." *Opper v. United States*, 348 U.S. 84, 93 (1954). Changing the language of MIL. R. EVID. 304 did not eliminate the requirement to corroborate facts; it merely returned the focus to the overall trustworthiness of the confession.

## C. Errors in the Military Judge's Ruling

### 1. Findings of fact

The military judge's findings of fact are well supported by the record and do not constitute clear error.

### 2. Legal principles

Corroboration must be established by independent evidence that "raise[s] only an inference of the truth of the admission or confession," MIL. R. EVID. 304(c)(4), and "tend[s] to establish the trustworthiness of the admission or confession," MIL. R. EVID. 304(c)(1). Therefore, the standard for corroboration and trustworthiness is lower than even a preponderance of the evidence. *Smith v. United States*, 348 U.S. 147, 156 (1954) (stating that independent evidence used to corroborate a confession "does not have to prove the offense beyond a reasonable doubt, or even by a preponderance"); *United States v. Jones*, 78 M.J. 37, 42 (C.A.A.F. 2018) (finding that the quantum of evidence needed for corroboration is small and traditionally described as slight).

The military judge correctly identified and recited the current version of MIL. R. EVID. 304(c) and noted that it was recently changed to abandon the essential facts test in favor of the trustworthiness standard. However, the military judge also ruled that "[t]he government has the burden to prove the trustworthiness of the Accused's confessions for admissibility by a prepon-

derance of the evidence."[3] We find that the assigned burden of proof is clearly erroneous.

### 3. Application of the correct legal principles to the facts

#### a. Family trip to Utah

Upon questioning by his wife, the appellee described the timing of the abuse as a three-month period following the family's last trip to Utah. This provided the only evidence of when the abuse occurred. The military judge found the fact that the family "took a vacation to Utah in July 2016" provided "tangential corroboration" but did "not tend to establish the trustworthiness of the admission or confession."[4]

The appellee stated that the abuse happened a "year and a half prior, shortly after the last family trip to Utah, over a three-month period."[5] In this case, independent evidence that there actually was a family trip to Utah in the summer of 2016 reasonably corroborates the appellee's statement about when the sexual abuse occurred.

#### b. Family showering routine

The appellee stated that his daughter "masturbated [him] when [they] were in the shower together" and confirmed that it happened when his wife was home and that he did it "before stomping [his] foot on the ground."[6] His wife's expected testimony would confirm, as a matter of routine family practice, that the appellee showered with the children and stomped "on the floor as a way of signaling to the other parent, who was usually downstairs, that they needed help with bedtime."[7]

The military judge found that evidence that the appellant showered "with his children does not support an inference of criminality, nor is it sufficient to corroborate a confession."[8] The military judge also ruled that evidence that the appellee stomped when the shower was finished was "not indicative of

---

[3] *Id.* at 4.

[4] *Id.* at 5.

[5] *Id.* at 2.

[6] *Id.*

[7] *Id.* at 1.

[8] *Id.* at 5.

sexual abuse."[9] The military judge did not properly analyze evidence that the appellee showered with the children and stomped when finished, as the appellee described in his admission. Because those two acts in and of themselves were not criminal acts, the military judge erroneously held that they did not corroborate the appellee's statement. This was error because the military judge did not evaluate the impact of this evidence as corroboration and on the overall trustworthiness of the confession.

The analysis should not focus on the effect the evidence has on criminality, but rather on the effect the evidence has in corroborating the factual aspects of the confessional statement. The appellee stated that he abused his daughter in the shower and confirmed that he stomped his foot on the ground when finished and that his wife was home at the time. The military judge found as fact, based on the appellee's wife's statement, that it was a common family practice for a parent to shower with the children and stomp when finished to signal to the other parent. This evidence provides at least some corroboration of the appellee's confession pertaining to location, opportunity, and method of the abuse in the same manner as he admitted.

### c. Appellee's demeanor

In addition to independent evidence corroborating factual aspects as confessed, courts may also find corroboration through independent evidence of the nontestimonial acts of an accused. *See United States v. Clark*, 69 M.J. 438, 444-45 (C.A.A.F. 2011) (finding an accused's demeanor admissible before factfinder "where it is relevant to an accused's consciousness of guilt"); *United States v. Baldwin*, 54 M.J. 551, 555-6 (A.F. Ct. Crim. App. 2000) *aff'd*, 54 M.J. 464 (C.A.A.F. 2001) (finding corroboration where the nontestimonial acts of the accused show his consciousness of guilt); *State v. McGill*, 328 P.3d 554, 563 (Kan. Ct. App. 2014) (finding a defendant's demeanor and behavior bolstered the trustworthiness of his statements).

The government avers that the military judge's ruling was arbitrary and an abuse of discretion because he failed to use the proper standard. The military judge agreed that demeanor evidence could corroborate a confession but found that there were other reasons why the appellee might be nervous or concerned, to include his fear that his "marriage would be ruined."[10] The military judge was "unwilling to use [the wife's] description of the [appellee's]

---

[9] *Id.*

[10] *Id.*

demeanor as corroboration of the content of the confession itself."[11] The military judge's reasoned approach was not arbitrary and his conclusion was within the range of options available to him.

### 4. Legal error

We find that the military judge's analysis under the law was partially incorrect, incomplete, and, as a matter of law, constituted an abuse of discretion. In this case, the military judge considered the limited facts provided by the appellee in his confession and the independent evidence of corroboration provided by the appellee's wife. We find that the military judge generally applied a fact-based corroboration analysis and evaluated the overall trustworthiness of the confession. He did not apply the supplanted essential facts test, as averred by the appellant, which would exclude from evidence those particular statements of fact that were not corroborated by independent evidence.

The record shows that the military judge considered the factual basis of the appellee's confession, to include the family trip to Utah, the practice of showering with his daughter and stomping on the floor when finished, and the appellee's demeanor when confessing to his wife. However, after considering these facts and the corroborating evidence raised, the military judge found that the "[g]overnment has not met their burden of introducing independent evidence, either direct or circumstantial, that would tend to establish the trustworthiness of the accused's admissions."[12] As we have already found, the military judge incorrectly held the government to a preponderance of the evidence standard of proof, and here further compounded that legal error by using it to reach the overall trustworthiness finding.

The military judge considered evidence that the appellee showered with his daughter and stomped when finished, and found that this conduct was "not indicative of sexual abuse," did "not support an inference of criminality," and he was not willing "to attach a criminal connotation to the fact that a parent bathed with their child."[13] This analysis was incomplete because it did not address the evidence's impact on the trustworthiness of the confession and admissions.

The correct analysis requires an examination of corroborating evidence and a determination of whether that evidence tends to establish the trust-

---

[11] *Id.*

[12] *Id.* at 6.

[13] *Id.* at 5.

worthiness of the statement. The military judge should have considered the evidence establishing the family trip to Utah, the appellee's practice of showering with his daughter and then stomping when finished, and the appellee's demeanor and other nontestimonial acts and used these facts to evaluate the overall impact on the trustworthiness of the confession and admissions.

We find the military judge erred as a matter of law in suppressing the appellee's admissions and confession. We are mindful that "[t]he military judge alone is to determine when adequate evidence of corroboration has been received" and our ruling does not dictate admissibility. MIL. R. EVID. 304(c)(5), MCM (2016). However, our ruling requires the military judge to apply the correct law to the facts before ruling on the admissibility of the confession.

## III. CONCLUSION

Having carefully considered the military judge's findings of fact, principles of law, and conclusions of law, we conclude that he abused his discretion and grant the government's appeal. The military judge's ruling in Appellate Exhibit XXXII is vacated and the record of trial is returned to the Judge Advocate General for remand to the trial court for further proceedings consistent with this opinion.

Chief Judge CRISFIELD and Senior Judge FULTON concur.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court